**DISMISSED and Opinion Filed November 2, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01551-CV

**WARREN CHEN AND DYNACOLOR, INC., Appellants**
**V.**
**RAZBERI TECHNOLOGIES, INC., THOMAS J. GALVIN, LIVEOAK
VENTURES PARTNERS 1A, L.P., KENNETH L. AND VIRGINIA T.
BOYDA, AS TRUSTEES OF THE BOYDA FAMILY, ET AL., Appellees**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-16568**

## MEMORANDUM OPINION
Before Justices Whitehill, Schenck, and Browning
Opinion by Justice Browning

In this appeal, appellants Warren Chen and DynaColor, Inc. challenge an

interlocutory order denying their special appearance. For the following reasons, we

dismiss the appeal as moot.

## Background

The underlying lawsuit involved, among other things, claims for fraud and

breach of fiduciary duty regarding the purchase of certain stock. Appellants filed a

special appearance, which the trial court denied. Appellants filed an accelerated

notice of appeal challenging the special appearance. Despite appellants' attempts to stay the underlying proceedings, the proceedings continued.

Appellees subsequently filed motions for summary judgment, which the trial court granted. The trial court signed a final judgment in appellees' favor on June 30, 2020. The final judgment stated, "The Court previously disposed of certain issues and claims in the above-referenced February 19, 2020 Order, the June 18, 2020 Order, and two nonsuit orders signed on April 23, 2020. These orders and all other orders of the Court in this case are incorporated herein."

Based on the final judgment, appellees filed a motion to dismiss arguing the interlocutory appeal is now moot. They rely on *City of Lancaster v. White Rock Commercial, LLC*, No. 05-16-00842-CV, 2017 WL 2875520, at *1 (Tex. App.—Dallas July 6, 2017, no pet.) (mem. op.) and *Henry v. Flintrock Feeders, Ltd.*, No. 07-04-0224-CV, 2005 WL 1320121, at *1–2 (Tex. App.—Amarillo June 1, 2005, no pet.) (mem. op.). Appellants oppose the motion to dismiss.

## Discussion

"Appeals of some interlocutory orders become moot because the orders have been rendered moot by subsequent orders." *Hernandez v. Ebrom*, 289 S.W.3d 316, 319 (Tex. 2009). We applied this reasoning in *City of Lancaster*. 2017 WL 2875520, at *1.

In that case, the trial court denied the city's plea to the jurisdiction based on governmental immunity, and the city perfected an interlocutory appeal. *Id*. While

the interlocutory appeal was pending, the underlying case went to trial and final judgment. *Id.* We asked for supplemental briefing on whether the appeal was mooted by the final judgment, and both parties argued the appeal was not moot. *Id.*

We concluded otherwise. Relying in part on *Hernandez*, we reasoned the interlocutory appeal was moot because the appealed interlocutory order merged into the final judgment and could be challenged in an ensuing appeal. *Id.* We further noted that although the issues related to the denial of the plea to the jurisdiction may not be moot, the purpose of the interlocutory appeal had been mooted by the final judgment. *Id.* (citing *Tex. Dep't of Pub. Safety v. Alexander*, No. 03-04-00439-CV, 2005 WL 8147253 (Tex. App.—Austin Apr. 14, 2005, no pet.) (mem. op.)). Thus, although the city could not challenge the plea to the jurisdiction through its interlocutory appeal, it could raise the issue in its appeal from the final judgment. *Id.*

In *Henry*, the Amarillo court of appeals considered whether a final summary judgment rendered moot the interlocutory appeal challenging the denial of a special appearance. 2005 WL 1320121, at *1. The court held that the final judgment did in fact moot the interlocutory appeal. *Id.* at *2 (citing *Richards v. Mena*, 820 S.W.2d 372, 373 (Tex. 1991) (final judgment moots an appeal of temporary injunction)).

Appellants have failed to provide any persuasive arguments challenging these authorities. Rather, similar to these cases, appellants filed an interlocutory appeal, and the trial court entered a final judgment prior to consideration of the appeal. The

special appearance order merged into the final judgment mooting this interlocutory appeal.

To the extent appellants argue that Texas Rule of Civil Procedure 120a(4) precludes waiver of a special appearance, their argument is misplaced. *See* TEX. R. APP. P. 120a(4). The issue is not one of waiver because appellants could have challenged the special appearance post-judgment by filing a separate notice of appeal. They chose not to. Accordingly, we grant appellees' motion to dismiss this interlocutory appeal as moot.

Appellees also request that the Court expedite issuance of the mandate. However, appellate rule 18.1(c) allows the Clerk to issue the mandate earlier than the designated deadlines "if the parties so agree, or for good cause on the motion of a party." TEX. R. APP. P. 18.1(c). Nothing in the motion indicates appellants have agreed to expedite the mandate. Moreover, appellees have not established good cause for expediting issuance of the mandate. At this time, we deny appellees' request to expedite the mandate.

For the reasons stated above, we dismiss this appeal as moot. TEX. R. APP. P. 42.3(a).

/John G. Browning/
JOHN G. BROWNING
JUSTICE

191551F.P05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WARREN CHEN AND
DYNACOLOR, INC., Appellants

No. 05-19-01551-CV      V.

RAZBERI TECHNOLOGIES, INC.,
THOMAS J. GALVIN, LIVEOAK
VENTURES PARTNERS 1A, L.P.,
KENNETH L. AND VIRGINIA T.
BOYDA, AS TRUSTEES OF THE
BOYDA FAMILY, ET AL.,
Appellees

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-16568.
Opinion delivered by Justice
Browning. Justices Whitehill and
Schenck participating.

In accordance with this Court's opinion of this date, the appeal is
**DISMISSED**.

It is **ORDERED** that appellees RAZBERI TECHNOLOGIES, INC.,
THOMAS J. GALVIN, LIVEOAK VENTURES PARTNERS 1A, L.P.,
KENNETH L. AND VIRGINIA T. BOYDA, AS TRUSTEES OF THE BOYDA
FAMILY, ET AL. recover their costs of this appeal from appellants WARREN
CHEN AND DYNACOLOR, INC.

Judgment entered November 2, 2020.